## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**WILLIAM SCHLAGNAUFER**
20 Belmont Avenue
Ambler, PA 19002

        *Plaintiff,*

     vs.

**THOMAS JEFFERSON UNIVERSITY**
1015 Walnut Street
Philadelphia, PA 19107

        *Defendant.*

NO. _____

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, William Schlagnaufer, by and through undersigned counsel, hereby files the following Complaint against Defendant and avers as follows:

## INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.) and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff was unlawfully terminated by Defendant and has suffered damages more fully described/sought herein.

---

[1] This is for notice purposes only as Plaintiff is required by law to wait one full year before filing a PHRA claim in a court of competent jurisdiction. *See* ¶6.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff exhausted federal administrative remedies for his claims under the ADEA and ADA by first dual-filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and receiving a right to sue letter with a mailing date of April 16, 2021.

6.      Plaintiff will seek consent or leave to amend this Complaint to incorporate a PHRA claim in this Court following the statutory one year waiting period. *See* 43 P.S. § 962(c).

## PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult individual, with an address as set forth in the caption.

2

9.      Defendant Thomas Jefferson University ("Defendant") is believed and therefore averred to be a Pennsylvania non-profit corporation with a principal place of business at the above-captioned address.

10.     At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for each Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is a former employee of Defendant with a date of birth of February 13, 1961.

13.     Plaintiff was 60 years old at the time his charge of discrimination was filed.

14.     Plaintiff was employed by Defendant as an electrician for almost twenty ("20") years having begun his career in or around 2001.

15.     During Plaintiff's career, Defendant's corporate name and/or structure changed several times.

16.     At all times relevant herein, Plaintiff was a hard-working employee and excellent electrician who performed his job well.

17.     Plaintiff was unlawfully terminated on or about January 29, 2021.

18.     Plaintiff was primarily supervised by Kimberly Piechuta ("Piechuta") (Director of Maintenance).

19.     Piechuta was in turn supervised by J. Thomas Becker ("Becker") (Associate Vice President for Academic and Research Facilities).

20.     Plaintiff was the oldest electrician employed by Defendant at the Jefferson East Falls Campus and suffered from considerable back problems.

21.     By way of example, Plaintiff had rods and screws in his back and had discs replaced in the past.

22.     As a consequence, Plaintiff has suffered from chronic back complications.

23.     Plaintiff previously worked the 7 AM to 3 PM shift for Defendant.

24.     Defendant at one point indicated they were shorthanded on the overnight shift (12 AM to 8 AM) and Plaintiff offered to help or fill in on the condition that the same be temporary.

25.     Plaintiff was instead kept on the overnight shift for approximately fourteen ("14") months until his unlawful termination.

26.     In the preceding six ("6") to eight ("8") months leading up to Plaintiff's unlawful termination, he **repeatedly** expressed to Piechuta, *inter alia*, that:

   a.   He was having chronic back pain and problems;

   b.   He needed his old shift back for medical reasons and to get proper rest due to his health and age;

   c.   He could not help with certain snow removal due to his medical restrictions;

   d.   He informed management that pain was "killing" him and that he was not sleeping;

27.     Defendant **refused** to accommodate Plaintiff during his last year of employment despite his seniority, medical needs and the ability to **easily** accommodate his needs.

28.     Plaintiff was terminated less than two ("2") months after Defendant hired an electrician for the shift he sought as an accommodation (*which was originally his shift in the first place*).

29.     Plaintiff's replacement on that shift was half his age.

30.     The reason for Plaintiff's termination was outrageously absurd and pretextual.

31.     The reason given to Plaintiff was that **_many months_** before his unlawful termination he allegedly made a comment on Twitter stating "No way Mr. Levin" in response to a posting about the COVID-19 pandemic made by Dr. Rachel Levine, the former Pennsylvania Secretary of Health and now Assistant Secretary for Health for the United States Department of Health and Human Services.

32.     Defendant claimed that it was "well-known" that Dr. Levine is a transgendered and that Plaintiff's post was intentionally derogatory despite his protest that was an innocuous error.

33.     In past discussions, Patrice R. Taveras (Senior HR Business Partner) had said to Plaintiff directly several times that she was going to find a reason to get rid of him.

34.     Plaintiff believes and therefore avers that Defendant pretextually used the social media post to terminate him due to his disabilities, request for accommodations and because of his advanced age.

### COUNT I
### Violations of the Age Discrimination in Employment Act ("ADEA")
([1]Age Discrimination and [2] Retaliation)

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Defendant terminated Plaintiff's employment because of his advanced age and replaced him with someone significantly younger.

37.     These actions as aforesaid constitute unlawful discrimination under the ADEA.

38.     Defendant also retaliated against Plaintiff for complaining that he needed his shift back in part because of his age.

39.     Plaintiff has suffered damages as set forth more fully herein.

**COUNT II**
**Violations of the Americans with Disabilities Act "ADA"**
**[1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     Plaintiff was terminated because of [1] his actual and/or perceived disabilities; [2] his record of impairment; [3] his requested accommodation(s), which also constitutes unlawful retaliation.

52.     Defendants also failed to engage in the interactive process and/or otherwise failed to accommodate him.

53.     These actions as aforesaid constitute violations of the ADA.

54.     Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be awarded double damages for his ADEA claims;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

G.      Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
Allison A. Barker, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: May 24, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system.

_____
Ari R. Karpf, Esq.

Dated: May 24, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| William Schlagnaufer | : | CIVIL ACTION |
| v. | : | |
| Thomas Jefferson University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 5/24/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __20 Belmont Avenue, Ambler, PA 19002__

Address of Defendant: __1015 Walnut Street, Philadelphia, PA 19107__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/24/2021__     _Attorney-at-Law / Pro Se Plaintiff_     ARK2484 / 91538   _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5/24/2021__     _Attorney-at-Law / Pro Se Plaintiff_     ARK2484 / 91538   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SCHLAGNAUFER, WILLIAM

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

THOMAS JEFFERSON UNIVERSITY

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | ☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | ☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621) ADA (42USC12101)

Brief description of cause:
Violations of the ADEA, ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/24/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|