IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM SCHLAGNAUFER,**<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS JEFFERSON UNIVERSITY,**<br><br>Defendant. | No. 2:21-cv-2366 |

## CONFIDENTIALITY AGREEMENT

WHEREAS, discovery in this case, including but not limited to, interrogatories, requests for production of documents or things, requests for admission, or depositions, may require disclosure of confidential compensation formulae, plans, data or information; competitively sensitive or proprietary business information and data; business plans, models, strategies, information and data; information about third parties who are not parties to this action; otherwise private, confidential and/or trade secret information, medical HIPAA protected sensitive information  (collectively "Proposed Confidential Materials"), the disclosure of which may cause injury or embarrassment and which should otherwise remain confidential and the private property and information of the respective party;

IT IS HEREBY AGREED by and between the undersigned counsel for the Parties that:

A.	Confidential Information.

1.	All Parties hereby agree that any documents and/or information produced in this proceeding and designated "Confidential" or "Attorneys' Eyes Only — Confidential" will be treated as confidential in accordance with the terms of this Agreement.

2.	After making a bona fide determination that materials, information or testimony falls within the scope of materials defined above as Proposed Confidential Materials, a Party may designate material as "Confidential" by placing on or affixing to any written or recorded information or document the notation "Confidential" in such manner as will not interfere with the legibility thereof.  A Party also may designate information disclosed at the trial or deposition of any witness as "Confidential" by (a) so stating on the record following the particular testimony the Party wishes to so designate, or (b) notifying all Parties, in writing, within twenty business days of such trial or deposition date or ten business days of receipt of the trial or deposition transcript (if ordered contemporaneously with the trial or deposition), whichever is later, of the specific information that should be treated as "Confidential."

3.	Information may be designated as "Attorneys' Eyes Only — Confidential" if it constitutes or contains information that meets the requirements for designation as

"Confidential" as set forth herein and is extremely sensitive in nature, including, for example, confidential business plans and strategic, marketing and/or competitive information relating to the producing party or the producing party's products or services or planned products or services.

    4.  After making a <u>bona fide</u> determination that materials, information or testimony falls within the scope of materials defined above in A.4., a Party may designate material as "Attorneys' Eyes Only — Confidential" by placing on or affixing to any written or recorded information or document the notation "Attorneys' Eyes Only — Confidential" in such manner as will not interfere with the legibility thereof.  A Party also may designate information disclosed at the trial or deposition of any witness as "Attorneys' Eyes Only — Confidential" by (a) so stating on the record following the particular testimony the Party wishes to so designate, or (b) notifying all Parties, in writing, within twenty business days of such trial or deposition date or ten business days of receipt of the trial or deposition transcript (if ordered contemporaneously with the trial or deposition), whichever is later, of the specific information that should be treated as "Attorneys' Eyes Only — Confidential."

    B.  <u>Use of Confidential Information</u>

    1.  All "Confidential" and "Attorneys' Eyes Only — Confidential" documents, and the information contained in such documents, shall be:

    (a)  maintained in confidence and shall not be made available, shown or otherwise communicated in any way to anyone except as specified herein;

    (b)  used solely for the purpose of this lawsuit, including any appeals or settlement negotiations, and for no other purpose; and

    (c)  disclosed only as necessary in this lawsuit by the Parties and their counsel, and only in accordance with the terms of this Confidentiality Agreement.

    2.  Disclosure:

    (a)  All "Confidential" documents and testimony may be disclosed by counsel for the Party who has received them subject to the provisions of this Confidentiality Agreement, and only to the following persons:

    (i)  The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

    (ii)  The named Parties to this litigation, including the corporate parties' employees, agents, and representatives who are participating and/or assisting in the defense of this litigation;

    (iii)  Independent consultants and/or experts retained by the Parties or counsel to work on the action; provided, however, that before any such consultant or

expert is shown or receives any confidential documents or information, s/he must read a copy of this Confidentiality Agreement and agree in writing to abide by the same by signing a document in the form of **Exhibit A** attached hereto;

(iv) Witnesses interviewed by a Party's representatives or counsel, or persons deposed in this lawsuit, with a need to review confidential documents or information, provided, however, that before such persons are shown or receive any confidential documents or information, they must read a copy of this Confidentiality Agreement and agree in writing to abide by the same by signing a document in the form of **Exhibit A** attached hereto;

(v) Court reporters and stenographers engaged for depositions or other proceedings necessary to the conduct of the action;

(vi) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(vii) The Court and Court personnel.

(b) All "Attorneys' Eyes Only — Confidential" documents and testimony may be disclosed by counsel for the Party who has received them subject to the provisions of this Confidentiality Agreement, and only to the following persons:

(i) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

(ii) Independent consultants and/or experts retained by the Parties or counsel to work on the action whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of this action; provided, however, that before any such consultant or expert is shown or receives any "Attorneys' Eyes Only — Confidential" documents or information, s/he must read a copy of this Confidentiality Agreement and agree in writing to abide by the same by signing a document in the form of **Exhibit A** attached hereto;

(iii) Third party witnesses or deponents who were previously a recipient or author of information designated as "Attorneys' Eyes Only — Confidential" and their counsel during the course of providing testimony in or for this action, provided, however, that before such persons are shown or receive any "Attorneys' Eyes Only — Confidential" documents or information, s/he must read a copy of this Confidentiality Agreement and agree in writing to abide by the same by signing a document in the form of **Exhibit A** attached hereto;

(iv) Court reporters and stenographers engaged for depositions or other proceedings necessary to the conduct of the action;

(v) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

         (vi)     The Court and Court personnel.

     3.     Either Party may use information that was, is, or becomes public knowledge without violating this Confidentiality Agreement.

     4.     Any motion, brief, or other filing that contains, refers to, attaches, or incorporates materials, information, or testimony designated as "Confidential" or "Attorneys' Eyes Only — Confidential" shall be filed with the Court under seal.  The party making such a filing need not separately move the Court for permission to make a filing under seal, but it shall place the filing in a sealed envelope with a cover sheet substantially in the form of **Exhibit B** hereto, except as otherwise required by the Court and/or by Local Rule.  In lieu of filing any confidential documents under seal, to the extent feasible the Parties will attempt to agree to redact documents submitted in any motion, brief, or other filings that contain confidential information.

     5.     Any "Confidential" or "Attorneys' Eyes Only — Confidential" material that inadvertently is produced by a Party without written notice or identification as "Confidential" or "Attorneys' Eyes Only — Confidential" may be so designated by that Party retroactively, provided that the Party shall not claim that there has been a violation of this Confidentiality Agreement if such material has been disclosed or made available in a manner other than as provided in this Confidentiality Agreement prior to such designation.

     6.     The parties agree that should this case proceed to trial, the parties will jointly move the Court for an Order directing that any "Confidential" and/or "Attorneys' Eyes Only — Confidential" material that is used at trial for any purpose (*e.g.*, as an exhibit or for purposes of impeachment) maintain its "Confidential" or "Attorneys' Eyes Only — Confidential" designation.  The parties further agree to request that the Court Order that any such "Confidential" and/or "Attorneys' Eyes Only — Confidential" material used at trial only be disclosed in a manner consistent with the terms of this Confidentiality Agreement and that all portions of the trial transcript relating to "Confidential" or "Attorneys' Eyes Only — Confidential" material shall be sealed.

    C.     <u>Return of Confidential Documents, Transcripts, *etc*</u>.

     1.     Within twenty (20) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, all "Confidential" or "Attorneys' Eyes Only — Confidential" documents or information (and all copies, transcriptions, or reproductions thereof, in any form whatsoever) produced or provided by the Parties shall be returned to their respective counsel.  In the alternative, all confidential documents or information (and all copies, transcriptions, or reproductions thereof, in any form whatsoever) must be destroyed; provided, however, that counsel may retain complete copies of all transcripts, motions and pleading including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Agreement.  Upon request, each Party shall certify in writing to the other Party that all confidential materials have been returned to the producing or providing Party, or destroyed in accordance with this provision.

    D.    <u>Enforcement.</u>

        1.    Any disputes regarding this Confidentiality Agreement shall be resolved by the Court. This Confidentiality Agreement shall be governed by Pennsylvania law.

    E.    <u>Disputes Regarding Confidentiality of Documents.</u>

        1.    If a Party believes that any material which is produced does not fall within the scope of materials defined above as Proposed Confidential Materials, that Party shall advise the other Party stating the reasons therefore and a reasonable good faith effort to resolve the issue shall be made. If the disagreement cannot be resolved in this fashion, the challenging Party may apply to the Court for an appropriate order, and each Party shall cooperate in seeking a prompt hearing and/or resolution. Any contested material for which such a Motion is not timely made or as to which requested relief is not granted shall be deemed "Confidential" or "Attorneys' Eyes Only — Confidential," as the case may be.

    F.    <u>Confidentiality Agreement Not a Waiver.</u>

        1.    This Confidentiality Agreement shall not be construed as (a) requiring the production of privileged materials, testimony, or information, or (b) a waiver by either Party of objections to the production of documents, or of the right to object to admission into evidence of any documents or information on any basis other than confidentiality, or as vesting any Party with additional rights to make objections beyond the rights provided in the federal and local rules of civil procedure or evidence.

    G.    <u>Miscellaneous.</u>

        1.    No amendment or modification of this Confidentiality Agreement shall be effective unless the same shall be in writing and signed by the Parties hereto.

        2.    Nothing herein restricts the right of either Party hereto to apply to the Court for a further protective order relating to any documents or information provided pursuant to this Confidentiality Agreement.

        3.    The provisions of this Confidentiality Agreement shall apply to any and all documents produced and designated "Confidential" or "Attorneys' Eyes Only — Confidential" in accordance herewith, whether produced before or after the execution of this Confidentiality Agreement.

        4.    This Confidentiality Agreement may be executed in two or more counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Confidentiality Agreement.

        5.    The provisions of this Confidentiality Agreement shall survive and remain in full force and effect after the conclusion of this action, whether by settlement or adjudication, including any appellate proceedings, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

6. The Court retains the right to allow disclosure of any subject covered by this Confidentiality Agreement or to modify this Confidentiality Agreement at any time in the interest of justice.

|  |  |
|---|---|
| **KARP, KARPF & CERUTTI, P.C.** | **FISHERBROYLES, LLP** |
| By: */s/ W. Charles Sipio* <br> Ari Karpf <br> akarpf@karpf-law.com <br> W. Charles Sipio <br> csipio@karpf-law.com <br> Allison Barker <br> abarker@karpf-law.com <br> 3331 Street Road <br> Bldg. 2, Ste. 128 <br> Bensalem, PA 19020 <br> (215) 639-0801 <br><br> *Counsel to Plaintiff* | By: */s/ David E. Renner* <br> Sidney R. Steinberg <br> sidney.steinberg@fisherbroyles.com <br> FisherBroyles, LLP <br> 333 E. Lancaster Ave. #321 <br> Wynnewood, PA 19096 <br> 610-806-5060 <br><br> David E. Renner <br> david.renner@fisherbroyles.com <br> FisherBroyles, LLP <br> 5990 University Boulevard, Box 148 <br> Moon Township, PA 15108 <br> 412-746-1720 <br><br> *Counsel to Defendant* |
| Dated: March 24, 2022 | Dated: March 24, 2022 |

APPROVED and SO ORDERED this

28th day of March, 2022


/s/ Harvey Bartle III
**HON. HARVEY BARTLE, III**

# **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM SCHLAGNAUFER,**<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS JEFFERSON UNIVERSITY,**<br><br>Defendant. | No. 2:21-cv-2366 |

## **AGREEMENT CONCERNING CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Confidentiality Agreement dated March 24, 2022, in the above-captioned action, and I agree to abide by the terms of the Confidentiality Agreement and maintain in confidence any confidential document or information provided or shown to me in accordance with the terms thereof.


_____
Signature


_____
Print Name


_____
Date

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM SCHLAGNAUFER,**<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS JEFFERSON UNIVERSITY,**<br><br>Defendant. | No. 2:21-cv-2366 |

**[NAME OF FILING]**

FILED UNDER SEAL PURSUANT TO

CONFIDENTIALITY AGREEMENT

                                              Attorney name

                                              Firm name

                                              Address

                                              Telephone

                                              Counsel for _____